UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-03623-MCS-MAA | Date  June 23, 2023 |
| Title  *Crawford v. Ally Financial, Inc.* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

|  Stephen Montes Kerr  |  Not Reported  |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 33)**

Plaintiff Donald L. Crawford Sr. moves to remand this action to the Los Angeles County Superior Court. (Mot., ECF No. 33.) The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for July 17, 2023.[1] Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

The motion is denied for failure to comply with the Court's rules governing motion practice. *E.g.*, C.D. Cal. R. 6-1, 7-3, 7-20.

The motion is also denied on the merits. Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a). There is a "strong presumption"

---

[1] Other pending motions set for this date remain on calendar.

against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

In their notice of removal, Defendants Experian Information Solutions, Inc., Ally Bank, The Hertz Corporation, and Equifax, Inc. invoked the Court's federal-question jurisdiction. (Notice of Removal ¶ 9, ECF No. 1.) Plaintiff's Complaint on its face states a claim for violation of a federal law, the Fair Credit Reporting Act. (Compl. ¶¶ 26–31, ECF No. 1-1.) Plaintiff acknowledges the existence of this federal claim. (Mot. 8.) And although Plaintiff correctly notes that the state court "is fully capable of deciding" his federal claim, (*id.*), that fact does not divest this Court of original jurisdiction over the claim, 28 U.S.C. § 1331, and supplemental jurisdiction over his other claims, 28 U.S.C. § 1367(a).

Nothing in this Order prohibits Plaintiff from amending his pleading to remove any claims arising under federal law, Fed. R. Civ. P. 15(a), which might justify remand, *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987) ("[T]he plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.").

Accordingly, Plaintiff's motion to remand is denied without prejudice to renewal should the Court ever be divested of original jurisdiction.

**IT IS SO ORDERED.**